UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00570-FWS-KES                                    Date: March 16, 2026
Title: Alejandra Banos v. Ultimus Fund Solutions, LLC

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Priscilla Deason for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

|  Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Thus, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh*, 546 U.S. at 501. Defendant Ultimus Fund Solutions, LLC removed this case on the basis of diversity jurisdiction. (Dkt. 1 (Notice of Removal, "NOR") at 1.) Diversity jurisdiction requires complete diversity between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d

---

**CIVIL MINUTES – GENERAL**                                                        **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00570-FWS-KES                           Date: March 16, 2026
Title: Alejandra Banos v. Ultimus Fund Solutions, LLC

1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").

According to Defendant, "This case is being removed upon grounds of complete diversity of citizenship based on the following: Defendant is an Ohio Corporation with its principal place of business in Cincinnati, Ohio and the amount in controversy exceeds $75,000."  (NOR at 1; *see also* Dkt. 1-1 (Declaration of Kaitlyn Chang, "Chang Decl.") ¶ 6 ("At the time the action was filed and at the time of the Notice of Removal, Defendant was and still is a corporation under the laws of the State of Ohio with a principal place of business located in Cincinnati, Ohio.").)  But the evidence attached to the Notice of Removal—and indeed, the way Defendant refers to itself throughout the Notice of Removal, (*see, e.g.*, NOR at 1; Chang Decl. ¶¶ 1, 6)—is consistent with the Complaint's allegation that Defendant is an LLC, not a corporation.  (*See generally* Dkt. 1-2 (Complaint); Dkt. 1-5 (Articles of Incorporation, including Certificate of Amendment).)  And "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Defendant's "notice of removal fails to state the citizenship of" its members and Defendant has therefore "failed to satisfy [its] burden to show complete diversity between the parties."  *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011); *see also United Fin. Cas. Co. v. Bratcher*, 2022 WL 16836972, at *1 (N.D. Cal. Nov. 9, 2022) ("Plaintiff fails, however, to identify the owners and/or members of [the LLC defendant], let alone the states of which each owner and/or member is a citizen.  In the absence of such allegations, the complaint is deficient."); *Miller v. BMW of N. Am.*, 2018 WL 6243019, at *2 (E.D. Cal. Nov. 28, 2018) ("[T]o properly plead diversity, a limited liability company must affirmatively allege the citizenship of each of its members.  A failure to do so can result in dismissal for lack of subject matter jurisdiction."  (citation omitted)).

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** in writing on or before **March 30, 2026,** why this case should not be remanded to state court for lack of subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00570-FWS-KES                              Date: March 16, 2026
Title: Alejandra Banos v. Ultimus Fund Solutions, LLC

contrary rests upon the party asserting jurisdiction.") (citations omitted); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.") (citations omitted).  **Failure to timely respond to this Order to Show Cause and adequately demonstrate a basis for the court's subject matter jurisdiction, or to timely seek other appropriate relief, will result in the court remanding the case to state court without further notice.**  *See Arbaugh*, 546 U.S. at 514 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Scholastic Ent.*, 336 F.3d at 985 ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction."); *California Diversified Promotions, Inc, v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 699 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").